IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN MASON, IV, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:11-CV-03155-TMP |
| | ) | |
| MIKE HALE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### JOINT STIPULATION AS TO CLASS CERTIFICATION

COME NOW the Plaintiffs and Defendant Mike Hale ("Sheriff Hale") and jointly stipulate that the requirements of Fed. Rule Civ. Pro. 23 concerning class actions have been satisfied and jointly stipulate to the Court that the requirements of both Rule 23(a) and 23(b) have been met. Plaintiffs and Sheriff Hale make this stipulation because it is not in any parties' interest or in the interest of justice to contest the class issue, and that to do so would be a waste of the Court's time. Therefore, the parties jointly stipulate as to the following requirements of Rule 23(a):

1. The parties stipulate that the class in controversy is, on average and at any one time, between approximately 1,200 and 1,300 inmates. The parties stipulate that numerosity is satisfied, and that the maintenance of between approximately 1,200 and 1,300 individual actions would be impracticable, particularly since the relief sought sounds in equity.

2. The parties stipulate that questions of law and fact are common to the class. Plaintiffs aver that the condition of incarcerated inmates who make up the class present common questions of fact and Sheriff Halle avers that his defenses are common as to the class.

3. The parties stipulate that the claims or defenses of the representative parties are typical of the claims and defenses of the class.

4. The parties stipulate that Plaintiffs' counsel will fairly and adequately represent the class members, and said counsel have the skill, resources and expertise to adequate represent the class.

5. The parties stipulate that requirements of Fed. R. Civ. P. 23(b) are present. In particular, since one defendant as to the class issue is Sheriff Hale, the prosecution of separate actions by separate members of the class would create the possibility of inconsistent adjudications with respect to individual members of the class.

WHEREFORE, Plaintiffs and Sheriff Hale jointly stipulate as to the applicability of a class certification to this action.

Respectfully submitted,

/s/ Dan C. King, III
Donald W. Stewart
Dan C. King, III
Attorneys for Plaintiff

OF COUNSEL:

STEWART & STEWART, P.C.
1826 3rd Avenue North, Suite 300
Bessemer, Alabama 35020
Phone: (205) 425-1166
Fax: (205) 425-5959

/s/ Timothy L. Arnold
Timothy L. Arnold
Attorney for Plaintiff

Law Office of Timothy L. Arnold
1830 3rd Avenue North
Bessemer, Alabama 35020
Phone: (205) 428-4888
Fax: (205) 428-4880

/s/ James E. Murrill, Jr.
James E. Murrill, Jr.
Attorney for Defendant

OF COUNSEL:

RILEY & JACKSON, P.C.
1744 Oxmoor Road
Birmingham, Alabama 35209
Phone: (205) 879-5000
Fax:   (205) 879-5901

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2012, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system, which will send electronic notification to the following counsel:

French A. McMillan
Jefferson County Attorney's Office
716 Richard Arrington Boulevard North
Room 280
Birmingham, Alabama 35203

/s/ Dan C. King, III
OF COUNSEL