IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN MASON, IV, *et al.,*  )
)
    Plaintiffs,  )
)
v.  )      CASE NO. 2:11-CV-03155-TMP
)
MIKE HALE, *et al.,*  )
)
    Defendants.  )

## PLAINTIFF'S MOTION TO ADD ADDITIONAL CLASS REPRESENTATIVES AND RENEWED MOTION FOR CLASS CERTIFICATION

COME NOW the Plaintiffs in the above entitled action and hereby respectfully move this Court for an order permitting the addition of George Van Zandt and Greg Robinson, detainees at the Birmingham Jail who have been there since January 6, 2012, and June 21, 2012, respectively, to the complaint of this action as both additional named plaintiffs and class representatives.

Proposed plaintiffs George Van Zandt and Greg Robinson are general population detainees who have experienced the harshness of the conditions at the Jefferson County Jail in Birmingham for over six months. Because of this, they are optimal class representatives for this case. Additionally, George Van Zandt and Greg Robinson are subject to high bonds for release and their criminal cases are in a posture such that release or transfer is highly unlikely in the near future.

### ARGUMENT

The addition of the above named plaintiffs to the complaint should be freely permitted, whether analyzed under Rule 15, Rule 20 and/or Rule 21 of the Federal Rules of Civil Procedure.

Additionally, if this Court allows for the addition of these class representatives, this matter is ripe for class certification.

## I.  Addition of Proposed Class Representatives.

### a.  Joinder under Rule 20.

Joinder of the above named plaintiffs is proper under Rule 20. Joinder of parties under Rule 20 is permitted where the plaintiffs assert any right to relief "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action." Fed.R.Civ.P. 20; *Brooks v. Paulk & Cope, Inc.*, 176 F.Supp.2d 1270 (N.D. Ala. 2001). Both plaintiffs have the same claims, arising from the same transactions and occurrences as the current plaintiff. Those claims are subject to the same questions of law and fact. Namely, do the conditions at the Birmingham Jail violate the constitutionally protected rights of those held there?

### b.  Addition under Rule 21

The addition of the above named plaintiffs is also proper under Rule 21. Rule 21 governs the dropping or adding of parties to an action, and provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. After a responsive pleading has been served, the standards for deciding a motion to amend a complaint to add a party are the same under Rule 15 or Rule 21. *Loggerhead Turtle v. County Council of Volusia County*, 148 F.3d 1231, 1255 (11th Cir.1998).

> In the absence of any apparent or declared reason-such as undue delay, bad faith
> or dilatory motive on the part of the movant, repeated failure to cure deficiencies
> by amendments previously allowed, undue prejudice to the opposing party by
> virtue of allowance of the amendment, futility of amendment, etc.-the leave
> sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182 (1962). The above named plaintiffs may be added by this Court because this addition is not predicated on bad faith, undue delay or dilatory motive on the part of the plaintiffs; to the contrary, it is predicated on the need to have additional class representatives whose detention is exemplary of the class as a whole. This Court should accordingly add George Van Zandt and Greg Robinson as named plaintiffs in the above entitled action because this addition would be just.

### c. Amendment under Rule 15

Analyzed under Rule 15, the addition of George Van Zandt and Greg Robinson is also proper. When, as here, a plaintiff can no longer amend his complaint as of right, leave to amend is discretionary with the court. *Hazewood v. Foundation Financial Group, LLC,* 2007 WL 1628305 at *1 (S.D. Ala. 2007). However, Rule 15 requires that leave "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *Foman* at 182.

Here, the proposed amendment is not made in bad faith, has not been unduly delayed, would not be futile, and would not unduly prejudice Defendants. To the contrary the addition of George Van Zandt and Greg Robinson is necessary to properly adjudicate the claims presented in this case.

## II.   Proposed Class Representatives Have Standing and Satisfy the Requisites of Rule 23 (a).

### a.   Proposed Plaintiffs have Standing to Bring This Action for Injunctive Relief

"[A]ny analysis of class certification must begin with the issue of standing." Griffin v. Dugger, 823 F.2d 1476, 1482 (11th Cir.1987). The "constitutional threshold [of standing] must be met before any consideration of the typicality of claims or commonality of issues required for procedural reasons by Fed.R.Civ.P. 23." *Brown v. Sibley,* 650 F.2d 760, 771 (5th Cir. Unit A, July 1981). The doctrine of standing requires federal courts to be satisfied that the plaintiff

alleged a personal stake in the outcome of the controversy so as to warrant his invocation of federal-court jurisdiction. *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009) (citing *Warth v. Seldin*, 422 U.S. 490, 498-499 (1975)). In order to meet Article III standing, the plaintiff must establish either that the injury asserted was the consequence of the defendant's actions or that the prospective relief will remove the harm. *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 679 (S.D. Fla. 2004). "To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. " *Id.* (citing *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180–181 (2000)). "[J]ust as a plaintiff cannot pursue an individual claim unless he proves standing, a plaintiff cannot represent a class unless he has standing to raise the claims of the class he seeks to represent." *Wooden v. Bd. Of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1288 (11th Cir. 2001).

In the present case the plaintiffs continuously suffer "injury in fact." Due to overcrowding in the Birmingham Jail, the plaintiffs are deprived of their constitutionally protected rights and their safety is continuously put at risk. This injury is directly traceable to the challenged conduct on part of the defendants who refuse to provide adequate care for the plaintiffs during their incarceration. A favorable judicial decision concerning the injunction of such behavior on the part of the defendants will prevent this type of injury from occurring in the future.

b. **Plaintiffs Satisfy the Requisites of Rule 23 (a)**

Rule 23(a) of the Federal Rules of Civil Procedure delineates four prerequisites that are necessary for class certification. Plaintiffs are required to show:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). These requisites are clearly established in this action for the forthcoming reasons.

### i. Numerosity.

The numerosity requirement is satisfied when it would be impractical to join all members of the purported class because they are too numerous and that class has a minimum standard of indefinability such that a legally definable class may be ascertained through reasonable effort. *Anderson v. Garner*, 22 F.Supp.2d 1379, 1384 (N.D. Georgia 1997). "[I]mpracticability does not mean that joinder is impossible; Plaintiffs 'need only show that it would be extremely difficult or inconvenient to join all members of the class'" *Anderson* at 1384 (quoting *In re Domestic Air Transp. Anitrust Litig,*, 137 F.R.D. 677, 698 (N.D.Ga. 1991)). Plaintiffs must proffer up some evidence or a reasonable estimate of the members compromising the class which renders the joinder of all members impractical. The focus is not on numbers alone but rather on whether the joinder of all members "is practical in view of the numerosity of the class and other relevant factors." *Hill v. Butterworth*, 170 F.R.D. 506, 514 (N.D.Fla. 1997). Those other factors include 1) the geographical dispersion of the class, 2) the ease with which class members may be identified, 3) the nature of the action and 4) the size of each plaintiff's claim. *Lawson v. Wainwright*, 108 F.R.D. 450, 454 (S.D. Fla. 1986). Additionally, "[t]he class simply must meet

a 'minimum standard of definitiveness which allow the trial court to determine membership in the proposed class'" *Anderson* at 1384.

In the present case the number of the class plaintiffs includes the approximately 1,200 persons held in the Jefferson County Jail in Birmingham at any given time as well as any and all persons who will be held at the Birmingham Jail in the future. The joinder of these plaintiffs is impossible because of the turnover rate at the Birmingham Jail. Each plaintiff would have to be removed from the lawsuit once they left the jail and new plaintiffs would have to be added every time someone new entered the jail. The sheer number of the plaintiffs necessitates class certification for this action. However, a review of the additional factors stated in *Lawson* also dictates that class certification is proper under the numerosity requirement of Rule 23(a). Class members are easily identified because they include persons held in the Birmingham Jail. The injunctive nature of the action lends itself to adjudication as a class action because a single injunction or declaratory judgment will remedy the ills of the entire class. Lastly, each plaintiff has the same exact claim, which is the cessation of the depravation of their constitutional rights in the Birmingham Jail. The plaintiffs in the proposed subject class are so numerous that joinder would be impractical and that the class members would be easily identifiable such that the numerosity requirement of Rule 23(b)(1) is met.

## ii. **Commonality**

The commonality requirement is satisfied when the plaintiffs show the presence of a question of law or fact that is common to the entire class. *Anderson* at 1385. Such a common question is one that arises from a nucleus of operative facts. *Id.* "[T]he commonality requirement is satisfied even though members of the of the proposed class present different factual or legal bases for their claims, so long as there are factual or legal issue that are common

6

to the proposed class." *Id.* (citing *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1557

(11th Cir. 1986). "A broad based allegation of civil rights violations typically presents common

questions of law and fact." *Pabon v. McIntosh*, 546 F.Supp. 1328 (E.D. Pa. 1982). "It is not

necessary that all questions of law and fact raised in the litigation be common. Rather there need

only be a single issue common to the members of the class." *Bradley v. Harrleson*, 151 F.R.D

422 (N.D.Ala. 1993).

Here the questions of law and fact are common, if not identical, to the entire class.

Namely, the question of whether the current conditions at the Birmingham Jail, which are

systematically implemented, create an environment in which persons being held there are

deprived of their constitutionally protected rights. These common questions of law are

predicated on a nucleus of operative facts, namely that budget cuts in the Sherriff's Department

budget have lead to living conditions in the Birmingham Jail that violate the plaintiffs' rights

under the United States Constitution and the Religious Land Use and Institutionalized Persons

Act. In fact there is a litany of cases that have affirmed the finding of the commonality

requirement in the face of similar legal issues and facts. See *Arreola v. Godinez*, 546 F.3d 788

(7th Cir. 2008) (finding commonality among injured inmates who were denied access to

crutches); *Hagan v. Rogers*, 570 F.3d 146 (3rd Cir. 2009) (finding that assertion by class that

members were being subjected to serious communicable diseases due to the deliberate

indifference of personnel at prison treatment center satisfied the commonality requirement); *J.D.

v. Nagin*, 255 F.R.D. 406 (E.D.La. 2009) (finding commonality among a class of detained

children because the issues raised by the class questioned the legality of the policies and

procedure used in their detainment); *Bilhovde v. St. Croix County, Wis.*, 219 F.R.D. 607

(W.D.Wis. 2003) (finding commonality among class members who were stripped searched in

prison without reasonable suspicion, in accordance with unconstitutional policy); *Garrison v. Asotin County*, 251 F.R.D. 566 (E.D.Wash. 2008) (finding that commonality requirement was met even though both pre-trial detainees and other inmates of a jail were included in the class because all class members were subjected to the same systematic treatment of having to pay a booking fee without due process).

### iii. Typicality

To meet the typicality requirement, plaintiffs must show that the claims and defenses of the representatives are typical of the claims and defenses of the class as a whole. *In re HealthSouth Corp. Securities Litigation*, 213 F.R.D. 447 (N.D.Ala. 2003). "The requirement of typicality precludes certification of a class 'where the legal theories of the named plaintiffs potentially conflict with those of the absentees.'" *Id.* (quoting *Georgine v. Amchem Prod. Inc.*, 83 F.3d 610, 631 (3rd Cir.1996)). "To be typical, '[a] class representative must possess the same interest and suffer the same injury as the class members.'" *In re Scientific-Atlanta, Inc. Securities Litigation*, 571 F.Supp.2d 1315, 1325 (N.D.Ga. 2007) (quoting *Cooper v. Southern Co.*, 390 F.3d 695, 713 (11th Cir. 2004)). "A factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir.1984).

George Van Zandt and Greg Robinson have undergone the same type of treatment that this action seeks to enjoin, specifically, the inhumane jail conditions that have violated their rights under the United States Constitution and the RLUIPA. They possess the same interest as the class members to stop the civil rights violations occurring at the Birmingham Jail. There is absolutely no conflict between the claims of these plaintiffs and those of the proposed class

members. There are very few, if any, factual differences between the claims of these plaintiffs

and those of the class members and certainly none that would rise to the level necessary to defeat

the class certification on the basis of the typicality requirement.

### iv. Adequacy

The purpose of the adequacy requirement is to uncover conflicts of interest between

named parties and the class they seek to represent. *London v. Wal-Mart Stores, Inc.*, 340 F.3d

506 (11th Cir. 2003).

> Because all members of the class are bound by the res judicata effect of the
> judgment, a principal factor in determining the appropriateness of class
> certification is the forthrightness and vigor with which the representative party
> can be expected to assert and defend the interests of the members of the class.

*Lyons v. Georgia-Pacific Corp. Salaried Employees Retirement Plan*, 221 F.3d 1235, 1253 (11th

Cir. 2000. "In order to satisfy the 'adequacy of representation' requirement, the court must

determine: (1) that the plaintiff's attorney is qualified, experienced, and will competently and

vigorously prosecute the suit, and; (2) that the interest of the class representative is not

antagonistic to or in conflict with other members of the class." *Wright v. Circuit City Stores,

Inc.*, 201 F.D.R. 526, 545 (N.D.Ala. 2001) (citing *Griffin v. Carlin,* 755 F.2d 1516, 1533 (11th

Cir.1985)). "As to the attorney-competence prong, the 'adequate representation requirement

involves questions of whether plaintiffs' counsel are qualified, experienced and generally able to

conduct the proposed litigation.'" *Id.* (quoting *Griffin,* 755 F.2d at 1533). In order to defeat class

certification via the conflict prong there must be a fundamental conflict that is specific to the

issues in controversy. *Scientific Atlanta*, 571 F.Supp.2d at 1331. "The existence of minor

conflicts alone are not sufficient to defeat a party's claim to class certification." *Id.*

There is no dispute that Plaintiffs' counsel is sufficiently qualified and experienced to

competently and vigorously prosecute this lawsuit. Plaintiffs' counsel has handled multiple mass

9

torts and civil rights lawsuits in both state and federal court. Similarly, Plaintiffs' counsel is

financially capable of handling this litigation and has the personnel and resources to fully litigate

these claims. There is also no conflict between the interest of the class representative and the

class members. As stated previously, class members and the named plaintiffs all seek the same

thing, which is the reparation of the conditions in the Birmingham Jail so that the grievous

constitutional violations will be remedied and will not re-occur.

## c. Plaintiffs Satisfy the Requisites of Rule 23 (b)

"Once the plaintiffs have established the four prerequisites of Rule 23(a), they must also

satisfy at least one of the alternative requirements of Rule 23(b)." *Id.* Rule 23(b) states:

A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(b). The plaintiffs seek injunctive relief to stop the current and continuous violations of their constitutionally protect rights. For the forthcoming reasons they satisfy the requisites of Rule 23(b)(2).

"The language of Rule 23(b)(2) can be distilled to two basic requirements: (1) the opposing party's conduct or refusal to act must be 'generally applicable' to the class; and (2) final injunctive or corresponding declaratory relief must be requested for the class. *Anderson*, 22 F.Supp.2d at 1386 (citing Garner, 22Wright, Miller, & Kane, supra, § 1775, at 447–48). "The term 'generally applicable' does not require 'that the party opposing the class ... act directly against each member of the class. The key is whether his actions would affect all persons similarly situated so that his acts apply generally to the whole class.' Thus, '[a]ll the class members need not be aggrieved by or desire to challenge the defendant's conduct in order for one or more of them to seek relief under Rule 23(b)(2).'" *Id.* (citing *Johnson v. American Credit Co. of Georgia*, 581 F.2d 526, 532 (5th Cir.1978) (internal citations omitted). The second prong of the Rule 23(b)(2) analysis is satisfied "when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2557 (2011). When the resolution of each class member's claim will hinge on the defendant's standardized conduct, a single injunction or declaratory judgment would provide relief for each member of the class. *Olson v. Brown*, 2012 WL 3044264 at *16 (N.D. Ind. 2012). Standardized conduct is such "conduct which can be enjoined or declared unlawful only as to all class members or as to none of them." *Id.*

Here the conduct of the opposing party is clearly generally applicable to the class. The persons held in the Birmingham Jail are suffering violations of their constitutionally protected civil rights. By enabling the current jail conditions, Defendants have created an environment of continuous systematic violations of the rights of all persons represented in the class action as well as those of the named plaintiff. A single injunction would provide a remedy to all members of the class because the conduct of the defendants is standardized and uniform. In other words, there is no way that the injunction could provide relief for only certain members of the class as opposed to the whole class. Because of this injunctive relief is the proper avenue to provide remedy for both the named and class plaintiffs, all of the requirements of Rule 23 (b)(2) have been met.

## CONCLUSION

WHEREFORE, for the reasons set forth herein and for the reasons that Plaintiffs may later adduce and as may appear in the Court, Plaintiff respectfully requests that the additional party representatives be added and the class be certified.

/s/ John E. Lawes
John E. Lawes
Donald W. Stewart
Attorneys for Plaintiffs

OF COUNSEL:

STEWART & STEWART, P.C.
1826 3rd Avenue North, Suite 300
Bessemer, Alabama 35020
Phone: (205) 425-1166
Fax: (205) 425-5959

# CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2013, I mailed a copy of the above and foregoing document by U.S. Mail to the following counsel:

French A. McMillan
Jefferson County Attorney's Office
716 Richard Arrington Boulevard North
Room 280
Birmingham, Alabama 35203

James E. Murrill, Jr.
Riley & Jackson, P.C.
1744 Oxmoor Road
Birmingham, Alabama 35209

/s/ John E. Lawes
OF COUNSEL