FILED
2013 May-31 PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN MASON, IV, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:11-CV-03155-TMP |
| ) | |
| MIKE HALE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

The Plaintiffs submit this supplemental brief in support of their request for class certification.

**Statement of the Case**

The initial complaint in this class action matter was filed on August 30, 2011. Following a motion to dismiss from the Jefferson County Commission and its members, an Amended Complaint was filed on November 8, 2011. Two days later Jefferson County filed a Notice of Bankruptcy.

On November 28, 2011 this Court ordered a partial stay in this matter due to the pending bankruptcy of Jefferson County. On February 24, 2012 the United States Bankruptcy Court ordered that the stay be lifted, in part. That stay was lifted, in part, by this Court on March 5, 2012.

Following the partial lifting of the stay, a Stipulation of Voluntary Dismissal as to the Jefferson County Commission defendants in their individual capacity was filed. Subsequently, the Jefferson County Sheriff's Department and the plaintiffs filed a Joint Stipulation as to Class Certification. On August 20, 2012 Plaintiffs filed a motion to add additional named plaintiffs and proposed class representatives. The motion was granted by this Court on September 10, 2012. Subsequent motions for summary judgment have been filed.

Last month this Court held a status conference and ordered that a hearing regarding the "adequacy of counsel" portion of a request for class certification would be held on June 4, 2013.

This Supplemental Brief is filed specifically regarding the issue of adequacy of counsel for the proposed class.

**Brief Statement of the Facts**

This case is brought by Plaintiffs who are currently held in the Jefferson County Jail located in Birmingham, Alabama (hereinafter "Birmingham Jail). The Birmingham Jail was intended to house approximately six hundred inmates, but currently holds approximately twice that number. (Ronald Eddings Dep. at 24, 68); (Pls.' Am. Compl. ¶8); (Def.'s Resp. to Req. for Produc. of Doc Hale 00020.)

The conditions at the Birmingham jail are greatly exacerbated by the closing of the Jefferson County Jail located in Bessemer, Alabama (herein after "Bessemer Jail").

The varied makeup of the Birmingham Jail population creates a logistical puzzle that must be solved by the limited and strained jail personnel, which includes both sheriff's deputies and civilians. (Ronald Eddings Dep. at 13.) Some inmates or detainees are dangerously violent and must be segregated and closely monitored. *Id.* at 27, 38-39. Other detainees require special attention due to varying factors like medical treatment or suicide watch. (Ronald Eddings Dep. at 41.) The space issue is exacerbated because some inmates may not be able to share cell space due to these restrictions. (Ronald Eddings Dep. at 27.) Furthermore, due to the lack of space, segregation of these types of detainees may not occur at all, making the detainee classification system all but useless and creating further overcrowding issues. (Steve J. Martin Expert Report at 6-8.)

Persons held at the Birmingham Jail are often denied the most basic human dignities. Double, triple, and quadruple celling occurs frequently and routinely at the Birmingham Jail. (Steve J. Martin Dep. at 15.) Detainees are not able to have any open-air exercise time so they are forced to spend whatever recreation time they may have in crowded indoor dayrooms. (Steve J. Martin Dep. at 30-31.) Many detainees are forced to sleep on the floor for the duration of their stay, often

without mattresses. (Ronald Eddings Dep. at 55); (Def.'s Resp to Req. for Produc. of Doc Hale 00012-15); (Steve J. Martin Dep. at 20-21.)

The shortage of staffing also creates other issues as to basic human requirements. Visitations are extremely limited, if they occur; and the visits come only after extended hours of wait by the visitors. (Ronald Eddings Dep. at 71.). Incoming mail is often unprocessed so that it never reaches its recipients, or does so late. *Id.*; (Def. Mike Hale's Resp. to Req. for Produc. of Doc. 00938-953.) Finally, even if detainees complete all requirements for probation, they may languish in the Birmingham Jail due to lack of personnel to process and free the detainees. (Ronald Eddings Dep. at 71); (Def.'s Resp. to Req. for Produc. of Doc Hale 00021-23.)

The current conditions at the Birmingham Jail mean that the inmates, detainees, civilian personnel, and deputies are all at risk. (Ronald Eddings Dep. at 81.) Detainee to deputy ratios at the Birmingham Jail are some of the worst in the country and leave deputies helpless to respond to instances of violence or emergency situations. (Steve J. Martin Expert Report at 9-11 citing Ronald Eddings Dep. at 64-66.) Indeed, there have been at least seven assaults on deputies in twelve months and injuries to inmates and detainees have risen drastically. (Ronald Eddings Dep. at 81, 90 - 93 and 133.)

The cause of the current jail conditions is lack of funding from the County Commission to the Sheriff's Department. The sheriff details the needs of the jail to the County and the County determines the amount of the Sheriff's budget. (George Tablack Dep. at 17-19.) The result has been a steady and drastic decline in funds. From approximately $67,500,000.00 in 2007; the County now allocates a mere $43,000,000.00 to the Sheriff for all of his responsibilities (including the Birmingham Jail). *Id.* at 21; (Ronald Eddings Dep. at 18.)

## Class Certification Standard

Class certification requires that the named class representative must have standing and that the class must "meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." *LaBauve v. Oin Corp.*, 231 F.R.D. 632 (S.D. Ala. 2005); citing *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir.2004). This Court must conduct a "rigorous analysis" of the arguments put forth in support of class certification. *Anderson v. Garner,* 22 F.Supp.2d 1379, 1383 (N.D. Ga. 1997). However, at this stage, this Court need "not inquire whether Plaintiffs have adduced sufficient evidence to prevail on the merits of their civil rights claims." *Anderson v. Garner,* 22 F.Supp.2d at 1383; citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). This Court need only decide "whether evidence exists

to support Plaintiff's claims, not whether the evidence can survive factual challenges levied by Defendants." *Anderson v. Garner,* 22 F.Supp.2d at 1383. "[T]he court must be careful not to allow the defendants 'to turn the class-certification proceeding into an unwieldy trial on the merits.'" *In re HealthSouth Corp. Securities Litigation*, 257 F.R.D. 260, 273 (N.D.Ala. 2009) (citing *In re Credit Suisse–AOL Sec. Litig.*, 253 F.R.D. 17, 21 (D.Mass.2008)). This Court "generally is bound to take the substantive allegations of the complaint as true." *Bacon v. Stiefel Laboratories, Inc.*, 275 F.R.D. 681, 689 (S.D.Fla. 2011) (citing *Moreno–Espinosa v. J & J AG Prods., Inc.*, 247 F.R.D. 686 (S.D.Fla.2007)).

## **Adequacy of Counsel**

On April 18, 2013, this Court ordered an additional hearing to determine the adequacy of the counsel for the proposed class. In support of its previous argument concerning such adequacy, the plaintiffs will not restate the facts of the underlying petition but offer the following additional argument.

The requirement for adequacy of class counsel is found in the initial aspect of class certification requirements. Specifically, Federal Rule of Civil Procedure 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Thus the court must find that the counsel is "adequate."

The purpose of the adequacy requirement is to uncover conflicts of interest between named parties and the class they seek to represent and to make sure that counsel has the financial and legal ability to pursue the class litigation on behalf of the named plaintiffs and the other non-named members of the class. *London v. Wal-Mart Stores, Inc.*, 340 F.3d 506 (11th Cir. 2003). This is an important consideration:

> Because all members of the class are bound by the res judicata effect of the judgment, a principal factor in determining the appropriateness of class certification is the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the members of the class.

*Lyons v. Georgia-Pacific Corp. Salaried Employees Retirement Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000). This is not a steep requirement. The Eleventh Circuit has found that:

> The adequate representation requirement involves questions of whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation, and of whether plaintiffs have interest antagonistic to those of the rest of the class.

*Griffin v. Carlin,* 755 F.2d 1516, 1533 (11th Cir. 1985). The court typically looks at limited factors:

> In order to satisfy the 'adequacy of representation' requirement, the court must determine: (1) that the plaintiff's attorney is qualified, experienced, and will competently and vigorously prosecute the suit, and; (2) that the interest of the class representative is not antagonistic to or in conflict with other members of the class.

*Wright v. Circuit City Stores, Inc.*, 201 F.D.R. 526, 545 (N.D.Ala. 2001) (citing *Griffin v. Carlin,* 755 F.2d at 1533). As recently as last year, the Northern District of Alabama re-affirmed this analysis when it stated that, "the court considers only whether plaintiffs' counsel are qualified, experienced and generally able to conduct the litigation." *Local 703, I.B. of T Grocery and Food Employees Welfare Fund v. Regions Financial Corporation,* 272 F.R.D. 607, 616 (N.D.Ala. 2012).

In the present case, Plaintiffs' counsel is more than qualified and experienced to competently and vigorously prosecute this lawsuit.[1] Plaintiffs' counsel has handled multiple mass torts litigation and civil rights litigation in state and federal courts. Similarly, Plaintiffs' counsel is financially capable of handling this litigation and has the personnel and resources to continue to litigate these claims. Further, there is no conflict between the interest of the class representative and the class members. As stated previously, class members and the named plaintiffs all seek the same thing -- the reparation of the conditions in the Birmingham jail so that the grievous constitutional violations will be remedied.

Plaintiffs assert that their chosen counsel is adequate to continue to represent them and all other members of the proposed class.

---

[1] Indeed, counsel has vigorously and competently pursued the case to this point.

WHEREFORE, Plaintiffs, through counsel of record, respectfully request that this Court determine that his counsel is "adequate class counsel" and certify a class consisting of all persons currently held, or to be held in the future, at the Jefferson County Jail, in Birmingham, Alabama.

                                                Respectfully submitted,

                                                /s/ John E. Lawes
                                                John E. Lawes
                                                Donald W. Stewart
                                                Attorneys for Plaintiffs

OF COUNSEL:
STEWART & STEWART, P.C.
1826 3rd Avenue North, Suite 300
Bessemer, Alabama 35020
Phone: (205) 425-1166
Facsimile: (205) 425-5959

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2013, I filed a copy of the above with the Northern District of Alabama Electronic filing system which will serve the foregoing document to all counsel of record and that I mailed a copy of this document by U.S. Mail to the following counsel:

French A. McMillan
Jefferson County Attorney's Office
716 Richard Arrington Boulevard North
Room 280
Birmingham, Alabama 35203
Counsel for Jefferson County

James E. Murrill, Jr.
Riley & Jackson, P.C.
1744 Oxmoor Road
Birmingham, Alabama 35209
Counsel for Sheriff Hale

                                              /s/ John E. Lawes
                                              OF COUNSEL