IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN MASON, IV, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:11-CV-03155-TMP |
| ) | |
| MIKE HALE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' SECOND RENEWED MOTION FOR CLASS CERTIFICATION**

COME NOW the Plaintiffs in the above entitled action and hereby respectfully move this Court for certification of a class consisting of all current and future detainees and inmates of the Jefferson County jails in accordance with Rule 23 of the Federal Rules of Civil Procedure and states as follows:

1. Plaintiffs filed the above entitled action on August 30, 2011, stating a cause of action under 43 U.S.C §1983 due to constitutional violations occurring at the Jefferson County Jail in Birmingham, Alabama caused by overcrowding and lack of proper supervision due to lack of adequate funding of the jail by Jefferson County.

2. On May 23, 2012, Plaintiffs and Defendant, Mike Hale, filed a Joint Stipulation as to Class Certification (Doc. 40).

1

3. On August 23, 2012, Plaintiffs filed a Brief in Support of Class Certification (Doc. 41), detailing the factual and legal rationale for certification under Rule 23 of the Federal Rules of Civil Procedure and outlining the "rigorous analysis" for class certification necessitated by *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147 (1982).

4. On August 30, 2012, this Court held a hearing concerning class certification before the Honorable U.S. Magistrate Judge T. Michael Putnam, wherein this Court indicated that the arguments for class certification would be taken under advisement.

5. On February 8, 2013, Plaintiffs filed a Motion to Add Additional Class Representatives and Renewed Motion for Class Certification under Rule 23 (Doc. 53), which Plaintiffs incorporate into this Motion.[1]

6. On March 20, 2013, an in chambers status conference was set for April 18, 2013.

7. The status conference reveled concerns over the adequacy of counsel requirement of Federal Rule of Civil Procedure 23 (a)(4) and class certification in general in light of the previous certified class in *Thomas v. Gloor*, 77-P-66-S.

8. On June 27, 2013, this Court held a hearing regarding adequacy of counsel wherein the Honorable U.S. Magistrate Judge T. Michael Putnam again stated

---

[1] The sole exception to the incorporation of (Doc 53) to this Motion is the inclusion of Greg Robinson in that pleading. Mr. Robinson is no longer a detainee at the Jefferson County Jail in Birmingham, Alabama and thus lacks standing for injunctive relief under Rule 23 (b)(2).

2

concerns regarding a possible conflict with a previous Rule 23 (b)(2) which was certified in the *Gloor* action.

9. In order to alleviate these concerns the Plaintiffs submit the following for consideration:

   a. On February 19, 1999, the Honorable Chief Judge Sam C. Pointer Jr. terminated all permanent injunctions and all other previously entered consent decrees in the *Gloor* action in accordance with the Prison Litigation Reform Act. Attached as Exhibit A.

   b. On March 8, 2013, the plaintiffs in that action filed a Motion for Reconsideration of that Order. Attached as Exhibit B.

   c. Consequently, on May 4, 1999, that Motion to Reconsider was denied by the Honorable Chief Judge Sam C. Pointer Jr. Attached as Exhibit C.

10. In light of these findings Plaintiffs again renew their Motion to Certify a class consisting of all current and future detainees and inmates of the Jefferson County jails in accordance with Rule 23 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiffs, through their counsel of record respectfully request that this Court certify a class consisting of all current and future detainees and inmates of the Jefferson County jails, for the purpose of

adjudicating this civil rights action.  In addition Plaintiffs request this Court reinstate early deadlines for the responses to the pending Summary Judgment Motions (Docs. 54-56), as there is no just reason for delay.

                Respectfully submitted,

                /s/ John E. Lawes
                John E. Lawes
                Donald W. Stewart
                Attorneys for Plaintiffs

OF COUNSEL:
STEWART & STEWART, P.C.
1826 3rd Avenue North, Suite 300
Bessemer, Alabama 35020
Phone:  (205) 425-1166
Facsimile: (205) 425-5959

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2013, I filed the following using the CM/ECF filing system which causes a copy of the above and foregoing document to be served to the following counsel:

French A. McMillan
Jefferson County Attorney's Office
716 Richard Arrington Boulevard North
Room 280
Birmingham, Alabama 35203
Counsel for Jefferson County

James E. Murrill, Jr.
Riley & Jackson, P.C.
1744 Oxmoor Road
Birmingham, Alabama 35209
Counsel for Sheriff Hale

                                              /s/ John E. Lawes
                                              OF COUNSEL

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE THOMAS, et al., | ) |
| Plaintiffs, | ) |
| -vs.- | ) CV-77-P-0066-S |
| TOM GLOOR, et al., | ) |
| Defendants. | ) |
| | |
| WILLIE ROY STUBBS, et al., | ) |
| Plaintiffs, | ) CV-77-P-0132-S |
| -vs.- | ) |
| TOM GLOOR, et al., | ) |
| Defendants. | ) |

ENTERED
FEB 19 1999

## ORDER

Before the court is a Motion to Terminate Injunction Pursuant to the Prison Litigation Reform Act, filed by the Attorney General of Alabama and the Commissioner of the Alabama Department of Corrections on December 7, 1998. The court heard oral argument on the motion on February 17, 1999 at 9:00 a.m. in Courtroom 8 of the Hugo Black United States Courthouse.

The State's motion seeks to terminate the consent decrees and the permanent injunctions previously entered by this court. After careful consideration of the motion, briefs, evidence and oral presentations, the court hereby GRANTS the State of Alabama's motion. The permanent injunctions and all other previously entered consent decrees are hereby TERMINATED in these cases.

Date: February 19, 1999.

Chief Judge Sam C. Pointer, Jr.

# EXHIBIT B

Case 2:11-cv-03155-TMP   Document 63   Filed 07/15/13   Page 8 of 14



FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 MAR -8 PM 12: 13

U.S. DISTRICT COURT
N.D. OF ALABAMA

GEORGE THOMAS, et al.;         )
WILLIE-ROY STUBBS, et al.,     )
                               )
          Plaintiffs,          )
                               )     CV 77-P-0066-S
     v.                        )     CV 77-P-0132-S
                               )
TOM GLOOR, et al.,             )
                               )
          Defendants.          )

PLAINTIFFS' MOTION FOR RECONSIDERATION AND AMENDMENT OF

**ORDER TERMINATING CONSENT DECREES AND PERMANENT INJUNCTIONS**

Pursuant to Fed.R.Civ.P. 52(b) and 59, the plaintiffs now move for reconsideration and amendment of the order entered in this case on February 19, 1999, terminating (or vacating) consent decrees and permanent injunctions ("Order"). These grounds support this motion:

1. At the hearing on February 17, 1999, the Court heard and acknowledged expert testimony about "major problems" (the Court's words) in the women's unit of the Jefferson County Jail ("jail"). Reporter's Excerpt of Hearing at 6, lines 8-9 (attached hereto[1]).

2. The problems of the women's unit, as referred to above, are discrete and specific. General improvements in the jail -- the apparent basis of the Order -- have not eliminated the problems, as the hearing testimony indicates. The problems are proof of present

---

[1] This excerpt, reproduced here as provided to the plaintiffs by the reporter immediately after the hearing, should be read against the full transcript of the hearing. The hearing the plaintiffs request on this motion would serve that purpose.

and <u>continuing</u> unconstitutional conditions in the women's unit, notwithstanding apparent evidence that general improvements in the jail have eliminated, for the time being, <u>other</u> unconstitutional conditions.

3. Accordingly, the Order should be amended to state that the Court finds present, continuing constitutional violations at the jail, in the women's unit specifically. The Court should hold, also on reconsideration and by amendment, that this amended finding dictates that the consent decrees and permanent injunctions cannot be and are not terminated as to the women's unit.

### Request for Hearing

The plaintiffs request a hearing on this motion.

Respectfully submitted,

*[signature]*

Gayle H. Gear
Counsel for Plaintiffs
DAWSON & GEAR
860 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203
(205) 323-6170

### CERTIFICATION OF SERVICE

I served the following persons a copy of the foregoing by first-class U.S. Mail, postage prepaid, addressed correctly, this 26th day of February, 1999:

Mark Masling
Senior Trial Attorney
U.S. Dept. of Justice
Civil Rights Division
Special Litigation Section

2

P.O. Box 66400
Washington DC 20035-6400

Alice Ann Byrne
Assistant Attorney General
Attorney General of Alabama
Alabama State House
11 South Union Street
Montgomery AL 36130

Ellen Leonard, Esq.
Alabama Dept. of Corrections
Legal Division
101 South Union Street
Montgomery AL 36130

G.R. Trawick, Esq.
Alabama Dept. of Mental Health
100 North Union Street
Montgomery AL 36104

Edwin Strickland, Esq.
Charles S. Wagner, Esq.
214 Jefferson County Courthouse
716 North 21st Street
Birmingham AL 35253

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### Southern Division

GEORGE THOMAS, et al., )
WILLIE ROY STUBBS, et al. )
        Plaintiffs; )
         )
-vs.- )  Case No. 77-P-66-S
         )  Case No. 77-P-132-S
         )
TOM GLOOR, et al., )
        Defendants. )

## ORDER

Plaintiffs' "Motion for Reconsideration and Amendment of Order Terminating Consent Decrees and Permanent Injunction" is, upon consideration, DENIED, without prejudice to presentation of any current claims by separate actions.

This the 4th day of May, 1999.

                                                                 United States District Judge

Alice Ann Byrne
Alabama State House
11 South Union St
Montgomery, Al 36130

Ellen Leonard
Kim Thomas
Dept of Corrections
P.O. Box 301501

Gayle Gear
Dawson & Gear
Suite 620 Park Place Tower
2001 Park Place North
Bham, Al 35203

Roger Bates
Mark T Waggoner
2001 Park Place North Suite 900
Bham, Al 35203

Lori Winestein
Mark Masling
Dept of Justice, Civil Rights Division
Speacial Litigation Section
P.O. Box 66400
Washington, DC 20035

G. R. Trawick
Al Dept of Mental Health
100 North Union St
Montgomer, Al 36130

Edwin Stricklan
Charles Wagner
214 Jefferson Cty Courthouse
716 North 21st St
Bham, Al 35253