FILED
2014 Apr-15  PM 01:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 1

## SETTLEMENT AGREEMENT

Plaintiffs, by and through counsel, and Defendants, by and through respective counsel, enter into this Settlement Agreement ("Agreement") providing for resolution of the claims asserted by Plaintiffs in the civil action styled *Mason et al v. Hale et al.*, Civil Action No. 2:11-cv-03155-TMP, currently pending in the United States District Court for the Northern District of Alabama (the "Lawsuit"). The parties agree to the following terms and conditions:

## I.   INTRODUCTION

1. WHEREAS, the Lawsuit, a certified class action for injunctive relief, was filed based on allegations of overcrowding and failure to properly fund the Jefferson County Jail in Birmingham, Alabama (the "Birmingham Jail") leading to alleged unconstitutional conditions at the facility;

2. WHEREAS, Defendants deny liability in this matter, but the parties, through this Agreement, seek to make certain changes regarding staff and conditions at the Birmingham Jail and the Jefferson County Jail in Bessemer, Alabama (the "Bessemer Jail") as provided herein;

3. WHEREAS, Plaintiffs and Defendants acknowledge that this Agreement does not constitute: (a) an admission by any Defendant of any violation of law; or (b) an admission by any Defendant that any current or past policy, practice, or procedure altered by this Agreement violated or failed to comply with any applicable Constitutional provision, law, rule, or regulation; or (c) a consent decree enforceable in any court.

4. WHEREAS, the parties agree that neither this Agreement nor anything contained in this Agreement confers "prevailing party" status on any Plaintiff for any purpose whatsoever, and that Plaintiffs have not achieved that status as a result of this litigation or the entry into this Agreement by the parties. Likewise, Plaintiffs shall not be determined to be "prevailing parties" as a result of this Agreement or any performance or failure of performance hereunder.

5. WHEREAS, the parties agree that a resolution of the claims in the Lawsuit would benefit all parties by avoiding the time and expense of ongoing litigation; and

6. WHEREAS, the parties have entered into this Agreement in reliance on the mutual representations contained herein;

7. WHEREFORE, in consideration of the mutual promises of the parties set forth below, sufficiency of which is acknowledged by all of the parties, the undersigned parties agree to the final resolution of all claims related to the Lawsuit. It is hereby stipulated and agreed by and between the undersigned as follows:

1

## II.    EFFECTIVE DATE

8. The effective date of this Agreement shall be the date on which the Agreement is last executed by the parties, by and through counsel.

## III.    PARTIES

9. Plaintiffs are a certified class currently led by the following named individuals: Drew Thacker, Gregory Robinson, and George Van Zandt. Plaintiffs filed the Lawsuit and a class has been certified consisting of all inmates who are now, or who will in the future, be detained at the Birmingham Jail.

10. Defendants are the following persons in their official capacities only: Mike Hale, Sheriff of Jefferson County ("Sheriff Hale"); and David Carrington, George Bowman, Sandra Little Brown, Jimmie Stephens, and Joe Knight, Jefferson County Commissioners (the "Jefferson County Commission"). All of the Defendants are sued in their official capacities only and enter into this Agreement in their official capacities only. The parties recognize that Sheriff Hale has certain statutory authority regarding, and day-to-day operational responsibilities concerning, the Birmingham Jail and the Bessemer Jail. The parties likewise recognize that Sheriff Hale is dependent upon funding from the Jefferson County Commission in order to operate the Birmingham Jail and the Bessemer Jail. The parties also recognize that the Jefferson County Commission is bound by the Balanced Budget Act and is required to maintain a balanced budget in each calendar year when allocating for multiple required functions and officials in a calendar year.

## IV.    DEFINITIONS

11. "Detainee" means any person incarcerated in the Birmingham Jail or the Bessemer Jail, whether that person be a pre-trial detainee, an arrestee, a County inmate post-conviction, a state inmate either awaiting transfer to the state prison system or returning from the state prison system to answer charges in Jefferson County, a federal detainee of any kind, or any other person otherwise booked into the Birmingham Jail or the Bessemer Jail.

12. "Control Room Operators" or "CROs" means newly created positions at the Birmingham Jail and/or Bessemer Jail that will visually monitor Detainees from control booths but will not have direct contact with Detainees.

## V.    REMEDIAL PROVISIONS

### A.    POPULATION

13. At least 100 Detainees from the Birmingham Jail shall be transferred to the Bessemer Jail by February 1, 2014.

2

14. At least 100 additional Detainees from the Birmingham Jail shall be transferred to the Bessemer Jail by June 1, 2014.

15. Housing of Detainees shall generally be limited to two detainees per cell unless housing classification requirements and fixed design limitations require that more than two Detainees be housed in a cell. A reasonable effort shall be made to minimize the amount of time that more than two Detainees are housed in a cell.

16. Procedures for the segregation of mentally ill, physically handicapped, high risk, or otherwise special needs Detainees for the Birmingham Jail and Bessemer Jail shall be provided to class counsel no later than June 1, 2014.

### B.    STAFFING

17. Reasonable efforts shall be made to complete the hiring process for at least 40 CROs by February 1, 2014.

18. At least an additional 20 deputies shall be re-assigned to the Bessemer Jail by February 1, 2014.

19. At least 100 deputies or CROs shall be assigned to the Birmingham Jail.

20. At least an additional 3 deputies shall be assigned to the Bessemer Jail after February 1, 2014 and before June 1, 2014.

### C.    PHYSICAL PLANT AND ADDITIONAL CONSIDERATIONS

21. Qualified inmates shall be provided access to recreational activities unless doing so would endanger the lives or safety of the Detainee, other Detainees, or the Jail staff.

22. Cells, pods, dormitories, or any other form of Detainee housing shall be maintained in proper working order, including but not limited to: properly working plumbing, lighting, electrical, and HVAC systems.

23. Detainees shall be provided with clean linens and laundry on a regular basis.

24. Detainees shall be provided with prophylactic dental hygiene equipment including adequate tooth paste and tooth brushes.

## VI.    PROVISIONS OF INFORMATION TO PLAINTIFFS' COUNSEL

25. Plaintiffs' counsel and Plaintiffs' expert shall have the right to come to the offices of Riley & Jackson to review redacted reports (i.e., reports not including any names, social security numbers, dates of birth, or medical information) upon request but no more than every 3 months. These reports may not be disseminated to any other person, except as

3

required for this Lawsuit, and may not be used by counsel for any party in any other proceeding. Plaintiffs' expert shall sign a confidentiality agreement that any information will not be shared with anyone other than Plaintiffs' class counsel. Plaintiffs' counsel agrees to keep the information confidential and may only use it in regards to this Lawsuit. The reports contemplated under this paragraph include: a) all incident reports documenting use of force, alleged use of force, assaults with or without a weapon, fighting with or without a weapon, sexual assaults or alleged sexual assaults, (b) daily Detainee counts for each jail, and (c) staffing rosters for both jails for the 1st and 15th day of each month showing the number of deputies who actually reported for duty and where they were assigned.

26. In addition to the quarterly report contemplated by ¶ 25, Plaintiffs' counsel shall have the right to make an inspection of the Birmingham Jail. Plaintiffs' counsel shall have the right to make the aforesaid inspection between June 1, 2014 and December 31, 2014 at a mutually agreed upon time with Sheriff Hale's counsel.

27. The parties agree that should Defendants fail to comply with the preceding paragraph, Plaintiffs may ask the Court to remove this case from its administrative docket and restore this case to the Court's active docket for resolution of any dispute arising under ¶ 25. Such a motion will not relieve the parties of their obligations to produce the documents described in ¶ 25. Prior to approaching the Court for such relief, Plaintiffs' counsel will make a good faith effort to confer with Defendants' counsel to resolve the issue

## VII.   ATTORNEY'S FEES AND COST

28. Defendants shall pay Plaintiffs' counsel $135,000.00 within 30 days of their execution of this Agreement and court approval as reimbursement for any and all claims for costs and fees associated with Plaintiffs' prosecution of the Lawsuit, including any such costs and fees associated with effectuating the provisions of this Agreement. By their signatures to this Agreement, Plaintiffs' counsel waive any further or additional claim for litigation costs, attorney fees, reimbursement or the like associated with the prosecution of the Lawsuit and release Defendants, and any other person or entity, from any claim of attorney's fees, litigation costs, reimbursement, or the like that Plaintiffs or their counsel may have, or claim to have, in connection with the prosecution of the Lawsuit.

29. By their signatures to this Agreement, Defendants waive any claim for litigation costs, attorney fees, reimbursement or the like associated with the defense of the Lawsuit and release Plaintiffs and Plaintiffs' counsel from any claim of attorney fees, litigation costs, reimbursement, or the like that Defendants or their counsel may have, or claim to have, in connection with the defense of the Lawsuit.

## VIII.   MISCELLANEOUS PROVISIONS

30. **Best efforts.** All parties agree to exercise their best efforts and take all reasonable steps necessary to effectuate this Agreement. The parties commit to open and timely communication about issues that arise with regard to implantation of this Agreement.

31. **Dissemination of this Agreement to Deputies:**  Sheriff Hale shall educate and inform his deputies regarding the contents of this Agreement.

32. **No waiver of privilege or immunity.** Nothing in this Agreement, or undertaken pursuant to this Agreement, constitutes or is intended to constitute a waiver of any applicable privilege or immunity.

33. **Entire Agreement.** This Agreement represents the entire agreement by and among the parties as to the claims in this case and no agreement entered into at any time, nor any written agreement entered into prior to the execution of this Agreement, shall be deemed to exist or bind the parties, or to vary the terms and conditions contained herein, or to determine the meaning of any provisions therein.

34. **Mutual exclusivity of provisions.** If any provision of this Agreement is declared invalid, illegal, or unenforceable in any respect, the remaining provisions shall remain in full force and effect, unaffected and unimpaired.

35. **Persons bound.** This Agreement shall be binding upon, and inure to the benefit of, the parties hereto, their attorneys, and their respective successors and assigns.

36. **Applicable Law.** This Agreement shall be governed by the laws of the State of Alabama as to interpretation, construction, and performance.

## IX.   STIPULATION OF DISMISSAL AND EXECUTION OF THE AGREEMENT

37. Upon execution of the Agreement, the parties will jointly move the Court to stay the Lawsuit and place the Lawsuit on the Court's administrative docket until January 2, 2016.

38. The parties shall perform their respective obligations and duties under this Agreement beginning on the Effective Date. The parties agree to make a good faith effort to confer regarding any dispute that arises under the Agreement and attempt to resolve any dispute that arises under this Agreement. Counsel will make good faith efforts to resolve any dispute in a timely manner.

39. At any time prior to January 1, 2016, any party may file a motion requesting that this case be restored to the Court's active docket for such proceedings as the Court deems necessary and appropriate.

40. If the Plaintiffs do not file the motion described in the preceding paragraph within the prescribed time, or if the motion is filed but the Court finds after an evidentiary hearing that there is no current and ongoing violation of Plaintiffs' rights or current violations of the Agreement, the case will be dismissed with prejudice.

41. The Court will retain jurisdiction of the case until it is finally dismissed pursuant to the terms of this Agreement.

42. The parties hereto, by and through counsel, with full and complete authority, have caused this Agreement to be properly executed as of the date last executed below.

43. Upon payment to the Plaintiffs' counsel pursuant to paragraph 28 above, Plaintiffs shall withdraw any and all claims and proofs of claim filed on behalf of the Plaintiffs or Plaintiffs' counsel in the County's chapter 9 bankruptcy case, In re Jefferson County, United States Bankruptcy Court for the Northern District of Alabama, Case No. 11-05736-TBB9.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals the date and year written below.

_____
Donald Stewart
John Lawes
On behalf of Plaintiffs as Class Counsel

4/10/14
Date

_____
Mike Hale, in his official capacity as
Sheriff of Jefferson County, Alabama

4/10/14
Date

_____
David Carrington, President
Jefferson County Commission

3-27-14
Date

6